IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (PHILLIPS/SHIRLEY) |
| MAURICE EDWARD HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* motion [Doc. 194] calling for the dismissal of the indictment because the government has failed to provide grand jury transcripts and concurrence forms.

Citing to Brady v. Maryland, 373 U.S. 83 (1963), the defendant has moved [Doc. 194] to dismiss the indictment because the government has failed to disclose the grand jury transcripts and concurrence forms in discovery. Initially, the Court finds that this motion should be dismissed because it was filed on February 11, 2005, nearly seven months beyond the July 15, 2004 motion-filing deadline. Moreover, the Court has reviewed the defendant's requests for grand jury transcripts by separate order and has found that the defendant failed to make the appropriate showing with respect to the grand jury materials. Accordingly, the Court has denied the defendant's request for grand jury materials. The present motion [Doc. 194] makes no additional showing.

Finally, even if the grand jury transcripts of witness testimony could be

considered Brady material, they would typically also be Jenck's material and would not have to be disclosed until after the direct examination at trial of the witness who gave the testimony before the grand jury. See United States v. Mullins, 22 F.3d 1365, 1372 (6th Cir. 1994) (holding that, with regard to timing, Brady material covered by the Jencks Act does not have to be disclosed until after the government's witness testifies at trial); see also United States v. Presser, 844 F.2d 1275, 1283-84 (6th Cir.1988).

This Court signed a Report and Recommendation [Doc. 186] on February 4, 2005, recommending that the District Court deny the defendant's motions to dismiss the indictment. In this report, the Court considered the defendant's contentions that the indictment should be dismissed because the Superseding Indictment was not presented to the grand jury, dated, or signed by the foreperson. The Court found these claims to lack merit with regard to both the Superseding Indictment and the Second Superseding Indictment. To the extent that the present motion seeks to cast doubt upon the validity of the present indictment, the Court continues to find that the defendant's contentions are without merit. Accordingly, the Court also **RECOMMENDS** that the District Court deny the defendant's present motion [**Doc. 194**] to dismiss the indictment.[1]

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this supplemental report and recommendation must be filed with the clerk of the court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the specified time waives the right to appeal the district court's order. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).