IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (PHILLIPS/SHIRLEY) |
| MAURICE EDWARD HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion to Suppressed [sic] Evidence [from] Illegal Search and Seizure in Violation of Fourth Amendment of the United States Constitution [Doc. 206], filed February 22, 2005. In this motion, the defendant claims that the evidence stemming from the execution of an August 30, 2002 search warrant must be suppressed because the affidavit in support of the search warrant contains a false statement relating to the defendant being "known in the Southern District of Indiana." He also maintains that any evidence seized should be suppressed as it was not used in any crimes occurring in Tennessee. Additionally, he contends that police failed to obtain a search warrant prior to inventorying suitcases. The defendant does not state to whom these suitcases belonged or the relationship of this apparently warrantless search to the August 30, 2002 search warrant.

1

On July 1, 2004, this Court permitted the defendant, upon a voluntary and knowing waiver of counsel, to represent himself. [See Docs. 107, 108, and 111] At that time, the Court extended [Doc. 111] the long-expired motion-filing deadline in this case to July 15, 2004. The Court also agreed [Doc. 111] to consider the defendant's pending *pro se* motions, notices, and declarations, which the defendant had filed despite his representation by counsel. Additionally, on July 14, 2004, the Court agreed [Doc. 112] to reconsider a number of *pro se* motions filed earlier in the case and previously denied because they were filed in violation of Local Rule 83.4(c), which prohibits a party from acting in his own behalf after appearing by counsel. The Court has presently ruled upon or issued reports and recommendations with regard to all of the defendant's reopened motions as well as those filed by and around the time of the July 15, 2004 motion-filing deadline.

The present suppression motion is filed over seven months past the motion-filing deadline. Moreover, the motion seeks the suppression of evidence allegedly seized some two and one-half years ago. The defendant has given no explanation for the untimeliness of his suppression motion. The Federal Rules of Criminal Procedure require that a motion to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). Moreover, if a party fails to make a motion to suppress before the motion-filing deadline set by the court or by any extension the court permits, such motion is **waived**. Fed. R. Crim. P. 12(e). Accordingly, the Court finds the defendant's motion to suppress to be waived. While the rule permits the court to grant relief from a waiver for "good cause," the defendant has failed to show good cause or, indeed, any cause, for why the motion was filed so belatedly. In this regard, the Court notes that over the course of this case, the defendant has had three appointed attorneys, none of whom have sought

2

to raise a suppression issue nor has the defendant himself sought to raise this issue until two weeks before his trial. Thus, the Court recommends that the District Court deny the defendant's suppression motion [Doc. 206] as waived pursuant to Fed. Rule Crim. P. 12(e).

Finally, if the Court were to consider the merits of the motion, the Court would find it to have none. The defendant's allegation about the false statement in the search warrant affidavit falls within the purview of Franks v. Delaware, 438 U.S. 154 (1978). Sworn affidavits in support of search warrants are, in the first instance, presumed to be valid. Id. at 171. A defendant may attack the veracity of factual statements in the affidavit only under certain limited circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

Id. at 155-56; see also United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). The present defendant's bare statement that a phrase in the affidavit–that he was known in the Southern District of Indiana–is false, falls far short of satisfying this initial showing.

Additionally, the defendant's assertion that the evidence seized pursuant to the search warrant is not relevant to the offenses alleged in the indictment is not a basis for suppression under the Fourth Amendment. The defendant provides no factual context or legal argument for his third contention that some suitcases were subject to a warrantless inventory search. In fact, it is not entirely clear to the Court that the defendant even intended this statement to be an argument for suppression. Accordingly, even if the Court were to consider

3

the merits of the defendant's motion, it would recommend that it be denied.

## CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that defendant's Motion to Suppressed [sic] Evidence [from] Illegal Search and Seizure in Violation of Fourth Amendment of the United States Constitution [**Doc. 206**] be **DENIED**.[1]

                                                                                                                             Respectfully submitted,

                                                                                                                            s/ C. Clifford Shirley, Jr.
                                                                            United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed with the clerk of the court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the specified time waives the right to appeal the district court's order. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).