IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (VARLAN/SHIRLEY) |
| MAURICE EDWARD HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion for Additional Extension of Time to File Reply to Government Motion for [Deposition] and Appeal Magistrative Judge Shirley's Order of Deny to Remove Attorney A. Philip Lomonaco as Standby Counsel [Doc. 256], filed on March 12, 2005.

By way of background, the Court notes that on May 3, 2005, the Court ordered [Doc. 247] that the government be permitted to take the deposition of Dr. Sharon Thomas, noting that the defendant had not responded to the government's Motion [Doc. 246] to take Dr. Thomas's video deposition. On the day of the deposition, the defendant, who is representing himself, stated that he never received the government's motion and, therefore, had no

1

opportunity to respond. By order entered on May 6, 2005,[1] the Court granted the defendant until May 12, 2005, to respond to the government's motion and continued the deposition to May 16, 2005, at 1:00 p.m. The defendant now requests an additional reasonable period to respond, contending that he does not have sufficient access to a law library at Knox County Jail, where he is presently detained.

Initially, the Court would note that also pending before it are the defendant's motions [Docs. 207, 241, and 243] to be transferred to the Federal Medical Facility in Lexington, Kentucky, in order to have access to an adequate law library. Not withstanding these motions, the Court finds that the defendant has not stated good cause for an extension of time to respond to the government's motion for a deposition or for an additional continuance of the deposition scheduled for this afternoon. First, the defendant has yet to provide any reason that he opposes the deposition in question, which was granted because Dr. Sharon Thomas, who is named as a victim in the indictment, will be out of the country from June 5 through June 24, 2005, which includes the June 15 trial date. Second, although the defendant contends that he does not have access to federal legal materials, the Court notes that he is represented by standby counsel, Attorney Philip A. Lomonaco. The Court recently denied [Doc. 249] the defendant's motion to remove Mr. Lomonaco, holding that

> Mr. Lomonaco's role as standby counsel is to assist the defendant
> and to step in as counsel of record should the defendant change his
> mind about proceeding *pro se*. The defendant may decide whether
> and to what extent he will take advantage of Mr. Lomonaco's
> assistance.

---

[1]The Court notes that the defendant had oral notice of the Court's ruling from standby counsel on May 5, 2005.

(Footnote omitted). The defendant has apparently chosen not to seek Mr. Lomonaco's assistance with his response to the motion for a deposition. Finally, the Court can see no benefit to the defendant in continuing this deposition for another week. The defendant will not be transferred to another facility in that time frame and the defendant's standby counsel will be out of town.

Accordingly, the Court finds that the defendant has failed to state good cause for an extension of time for his response or for the further continuance of Dr. Sharon Thomas's deposition. The defendant's request [**Doc. 256**] for an extension in which to file a response to the government's motion for a deposition is **DENIED**.[2] The Court will not reconsider its May 3, 2005 order [Doc. 247] permitting the deposition, and the deposition will take place as scheduled this afternoon under the conditions outlined in that order.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2]The Court notes that the defendant's motion also requests an extension of time in which to appeal this Court's order [Doc. 249] denying the defendant's request that standby counsel be removed. This portion of the defendant's motion remains pending because such leave for an extension must be granted by the District Court.