IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (VARLAN/SHIRLEY) |
| MAURICE EDWARD HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* Plea to Dismiss the Indictment for Double Jeopardy [Doc. 213], filed on February 22, 2005. The defendant contends that counts one through six of the Second Superseding Indictment [Doc. 139] charge him with the same offense thereby placing him in jeopardy six times for a single offense in violation of the Fifth Amendment. The government has filed no response to this motion.

The Court notes that the defendant's motion is filed well beyond his July 15, 2004 motion-filing deadline. The Court also observes that the defendant did not request leave to file this motion out of time. Nevertheless, the Court will consider this motion because the Second Superseding Indictment [Doc. 139], filed on August 4, 2004, added three new counts (counts four through six) and made minor alterations to the original counts. The defendant was not arraigned on this indictment until January 6, 2005, following his return from a competency

1

evaluation and the District Court's determination that he was competent. Thus, the Court finds that the defendant could not have challenged counts four through six by his July 2004 motion-filing deadline. The Court finds this to be good cause for the filing of the motion beyond the deadline. See Fed. R. Crim. P. 12(e). Although the government has not filed a response to this motion, the Court believes that it can address the motion without the benefit of the government's response due to the basic nature of the defendant's assertions.

The Second Superseding Indictment [Doc. 139] charges the defendant with (1) the fraudulent possession of fifteen or more unauthorized access devices (various credit and/or debit cards) on February 18, 2002; (2) possession of a counterfeit check, number 3046573 on the account of America's Collectibles Network and payable to Sharen E. Thomas, with intent to deceive on January 20, 2002; (3) possession of a counterfeit check, number 3046572 on the account of America's Collectibles Network and payable to Sharen E. Thomas, with intent to deceive on January 23, 2002; (4) possession of a counterfeit check, number 63711, on the account of America's Collectibles Network and payable to Charles Walker, with intent to deceive on January 10, 2002; (5) possession of a counterfeit check, number 63712, on the account of America's Collectibles Network and payable to Charles Walker, with intent to deceive on January 10, 2002; and (6) possession of a counterfeit check, number 35992, on the account of JAB, Inc. DBA Unity Mortuary and payable to Charles Walker, with intent to deceive on January 11, 2002. Count one alleges a violation of 18 U.S.C. § 1029(a)(3). Counts two through six charge the defendant with violating 18 U.S.C. § 513(a).

The Fifth Amendment provides that no one shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision extends three

protections: "'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" United States v. Barrett, 933 F.2d 355, 360 (6th Cir. 1991) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)); see also United States v. Sharp, 996 F.2d 125, 130 (6th Cir. 1993). The defendant's contentions relate to the third protection.

Initially, the Court will address whether the defendant can properly be charged with both fraud in connection with access devices (count one) and also for possession of counterfeited securities (counts two through six). In order to determine whether a defendant has committed two offenses or only one, the Court must determine whether the statutory provisions in question each require proof of an additional element that the other does not require. Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Martin, 95 F.3d 406, 408 (6th Cir. 1996).

A conviction for fraud in connection with access devices requires that the defendant (1) knowingly and with intent to defraud (2) possess fifteen or more access devices, (3) which are counterfeit or unauthorized. 18 U.S.C. § 1029(a)(3). An "access device" is

> any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

18 U.S.C. § 1029(e)(1). On the other hand, possession of a counterfeited check involves (1) making, uttering, or possessing (2) a counterfeited or forged security (3) of a State, its political

3

subdivision, or an organization (4) with intent to deceive another. 18 U.S.C. § 513(a). A "security," in pertinent part, is

> a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument as defined in section 916(c) of the Electronic Fund Transfer Act[1], money order, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest in or participation in any profit-sharing agreement, collateral-trust certificate, pre-reorganization certificate of subscription, transferrable share, investment contract, voting trust certificate, or certificate of interest in tangible or intangible property.

18 U.S.C. § 513(c)(3)(A). Thus, these statutes have distinct elements in that one requires possession of an access device (in this case credit or debit cards) and one requires possession of a security (in this case checks). Even though there may be some overlap in the definitions of access devices and securities as both appear to encompass debit cards, section 1029(a)(3) requires the possession of fifteen or more access devices whereas section 513(a) only requires possession of a single security. Moreover, section 513(a) requires proof that the security was of a State, its political subdivision, or an organization. Section 1029(a)(3), on the other hand, has no similar requirement. Because the section 1029(a)(3) and section 513(a) each requires proof of at least one element that the other does not, the Court finds that the defendant's charges under each of these statutes do not violate his protection against double jeopardy.

Additionally, the Court would note that the defendant is charged in count one with possessing unauthorized access devices, while his charges in counts two through six involve

---

[1] A "debit instrument," as defined by the Electronic Fund Transfer Act, is "a card, code, or other device, other than a check, draft or similar paper instrument, by the use of which a person may initiate an electronic fund transfer." 15 U.S.C. § 1693(c).

4

possessing counterfeit checks. In section 513, "counterfeited" means "a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety."[2] 18 U.S.C. § 513(c)(1). On the other hand, the defendant is charged with violating section 1029(a)(3) by possessing "unauthorized access devices," which are defined as "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud."[3] 18 U.S.C. § 1029(e)(3). Thus, under the indictment as charged, the government has to show the defendant created the securities (checks) charged in counts two through six but does not have to show that he created or altered the access devices in count one. Thus, the Court finds that the defendant's charges for violating of sections 513(a) and 1029(a)(3) do not implicate his protection against double jeopardy.

The Court next turns to the question of whether counts two through six, which charge the defendant with five separate counts of possession of counterfeit securities in violation of section 513(a), violate the protection against double jeopardy. This question is not resolved by application of the <u>Blockburger</u> analysis. <u>United States v. Reed</u>, 647 F.2d 678, 681 (6th Cir. 1981). Instead, the Court must determine whether the indictment is multiplicitous, i.e., whether the five counts of violating section 513(a) should have been charged in a single count. A

---

[2]The Court also notes that, although the language of the indictment contains no reference to forged documents, section 513(a) can also involve securities that have been "forged," which means "a document that purports to be genuine but is not, because it has been falsely altered, completed, signed, or endorsed, or contains a false addition thereto or insertion therein, or is a combination of parts of two or more genuine documents." 18 U.S.C. § 513(c)(2).

[3]The Court observes that, although the language of the indictment contains no reference to counterfeit access devices, section 1029(a)(3) also prohibits the possession of "counterfeit" access devices, which are defined as "any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device." 18 U.S.C. § 1029(3)(2).

5

multiplicitous indictment, which charges a single offense in multiple counts, also infringes upon the third of the double jeopardy protections, the protection against multiple punishments for a single offense. See United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir.), cert. denied, 545 U.S. 875 (1981). The power to determine what constitutes a criminal offense and the punishment therefor belongs to the legislative branch. Whalen v. United States, 445 U.S. 684, 689 (1980); see also Missouri v. Hunter, 459 U.S. 359, 366 (1983) (holding with respect to "cumulative sentences" imposed in the same trial, double jeopardy protections "prevent the sentencing court from prescribing greater punishment than the legislature intended"). When facing the question of whether separate charges for a violation of the *same statute* violate the protection against double jeopardy, the key issue is determining what the legislature intended to be the "appropriate unit of prosecution." Reed, 647 F.2d at 681. In other words, the focus is on "what operative facts Congress intended to form the basis for a separate and distinct violation of" the statute. Id. (noting that the Blockburger same-elements test is inapplicable).

   In resolving this issue, the Court turns first to the language of 18 U.S.C. § 513(a) to determine the legislature's intent. See id. at 682-83. The Supreme Court has explained that

> [w]hen Congress has the will it has no difficulty . . . in defining what it desires to make the unit of prosecution . . . . When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity . . . . [I]f Congress does not fix the punishment for a criminal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses.

Bell v. United States, 349 U.S. 81, 83-84 (1955). The statute in question states as follows:

> Whoever makes, utters, or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters, or possesses a forged security of a State or a political subdivision thereof or of an organization, with intent to

6

deceive another person, organization, or government shall be fined
under this title or imprisoned for not more than ten years, or both.

18 U.S.C. § 513(a). The statute plainly proscribes possession, etc., of "*a* counterfeited security," which indicates that each counterfeited security is a separate unit of prosecution. The Sixth Circuit has not addressed the issue of the appropriate unit of prosecution in section 513(a), but it has affirmed multiple convictions for violations of 513(a) relating to multiple counterfeited securities without mention of double jeopardy problems. See, e.g., United States v. Van Shutters, 163 F.3d 331, 339 (6th Cir. 1998) (upholding the defendant's twelve convictions for violations of section 513(a), each relating to a counterfeit check, against the defendant's jurisdictional challenge); see also United States v. Wade, 266 F.3d 574, 581-83 (6th Cir. 2001) (upholding four convictions for violations of 513(a) with each count stating a different date on which multiple checks of varying amounts were made or possessed).

Further support for the Court's conclusion that the language of section 513(a) reveals the unit of prosecution to be a single counterfeited security is found by contrasting 513(a) with the Fifth Circuit's interpretation of 18 U.S.C. § 494, which prohibits possession with intent to utter or publish "any such false, forged, altered, or counterfeited writing" (i.e., "any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing"). See United States v. Prestenback, 230 F.3d 780 (5th Cir. 2000). In Prestenback, the defendant argued that the four counts of possession of altered money orders violated double jeopardy. Id. at 782. The court found that "any" can mean either one or some and, therefore, was not conclusive with regard to the unit of prosecution. Id. at 783; see also Reed, 647 F.2d at 685 (determining that 18 U.S.C. § 2315, which prohibits the receipt or concealment of "any" stolen property over $5,000 and traveling in interstate commerce is ambiguous as to the unit of

7

prosecution). In the present case, the term "a" means one. Thus, the statute reveals that each counterfeited security is a separate unit of prosecution. In the present case, counts two through six each relate to a different counterfeit check as reflected by the different check numbers alleged in each count. Thus, the Court finds that the five counts alleging violations of section 513(a) do not violate double jeopardy.

## II. CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that defendant's motion to dismiss the indictment for a double jeopardy violation [**Docs. 213**] be **DENIED**.[4]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4]Any objections to this report and recommendation must be filed with the clerk of the court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the specified time waives the right to appeal the district court's order. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).