IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                                ) | |
|            Plaintiff,                              ) | |
|                                                                ) | |
| v.                                                         ) | No. 3:03-CR-29 |
|                                                                ) | (VARLAN/SHIRLEY) |
| MAURICE EDWARD HUGHLEY,   ) | |
|                                                                ) | |
|            Defendant.                           ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on two *pro se* motions by the defendant: (1) Motion for Hearing before Chief Judge on this District and/or Judge Thomas Phillips Pursuant to Title 28 U.S.C.A. Sections 455, 144 [Doc. 212], filed on February 22, 2005, and (2) Motion to Appoint Senior Circuit Court of Appeals for the Sixth Circuit, Honorable Gilbert S. Merritt, as Replacement of the Honorable Thomas Phillips and Judges for the U.S. District from the Eastern District of Tennessee at Knoxville [Doc. 229], filed on March 2, 2005.

By way of background, the Court notes that on February 3, 2005, the defendant moved [Doc. 190] to have all judges from the Eastern District of Tennessee, including District Judge Thomas W. Phillips who was then assigned to this case, recused, contending that they have a personal bias against the defendant because the alleged victims of the charged offenses are employees of the University of Tennessee (U.T.) or the U.T. Federal Credit Union. The

1

defendant contended that all the judges in this district are biased because they are former U.T. law students and/or U.T. board members. The Court ordered [Doc. 198] that this motion be dismissed due to its untimely filing. Additionally, the Court found that if it were to reach the substance of the defendant's motion, it would deny the motion because the defendant's affidavit in support of his allegations of bias lacks credibility and, therefore, the defendant failed to show any bias to justify a recusal of the judges of the Eastern District of Tennessee. The defendant has appealed [Docs. 214 and 236] this ruling to the District Court. After this Court's ruling, District Judge Thomas W. Phillips recused [Doc. 219] himself from this case on February 25, 2005. On March 10, 2005, Chief United States District Judge R. Allan Edgar designated [Doc. 239] District Court Judge Thomas A. Varlan to replace Judge Phillips.

In document 212, the defendant contends that 28 U.S.C. §§ 144 and 455 require the Chief District Judge to hold a hearing on the merits of his motion to recuse all judges of the Eastern District of Tennessee. Section 455 governs the disqualification of judges and states in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

With regard to raising the issue of bias, section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom

2

> the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

In the present case, the Court notes that it has already found the defendant's affidavit in support of his motion to recuse to be insufficient. Specifically, this Court observed that the defendant was "simply making up facts to support a baseless motion." Notably, the affidavit makes no specific allegations of bias against Judge Varlan, who now presides over the defendant's case. Moreover, the defendant's general allegations–that the judges of the Eastern District of Tennessee are biased against him because they attended law school at U.T. or are members of U.T.'s board of directors–are not a basis for recusal of Judge Varlan. Judge Varlan did not graduate from law school at U.T.[1] nor is he on U.T.'s board of directors. The Court notes that Judge Varlan did earn his undergraduate degree at U.T. Even if Judge Varlan had graduated from U.T. law school, the Sixth Circuit has held that a judge's graduation from a law school, which was a party in a suit before the judge, is not a basis for recusal absent evidence that the judge gained extra-judicial knowledge about the case from his former and continuing affiliation with the law school. Easley v. University of Michigan Bd. of Regents, 906 F.2d 1143, 1147 (6th

---

[1] The Court notes that Judge Varlan, like Judge Phillips, received his law degree from Vanderbilt University School of Law.

Cir. 1990); cert. denied, 499 U.S. 947 (1991). In so holding, the court observed that "[w]ithout more, the amicable feelings [the judge] undoubtedly has for his alma mater . . . fail to demonstrate a sufficient basis for his recusal." Id. Likewise, the present defendant has failed even to allege that Judge Varlan (or any judge of the Eastern District of Tennessee) has gained extra-judicial knowledge about this case because he is a U.T. graduate. Thus, the Court again finds that the defendant's affidavit does not provide a sufficient basis for the disqualification of any of the judges, particularly Judge Varlan.

Finally, neither statute cited by the defendant provides for a hearing by the chief judge as the defendant requests. Moreover, the Court notes that the *pro se* defendant has failed to certify in his affidavit that it was made in good faith[2] as required by section 144. Accordingly, the defendant's Motion for Hearing before Chief Judge on this District and/or Judge Thomas Phillips Pursuant to Title 28 U.S.C.A. Sections 455, 144 [**Doc. 212**] is **DENIED**.

In document 229, the defendant requests that Judge Merritt of the Sixth Circuit replace District Judge Phillips, who recused himself, and any other judge from the Eastern District of Tennessee at Knoxville because the defendant has moved to recuse all judges from the Eastern District of Tennessee. With regard to the defendant's argument that Judge Merritt should be appointed because the defendant's motion to disqualify all the judges of the Eastern District of Tennessee is still pending, the Court observes, as discussed above, that it dismissed [Doc. 198] this motion due to its untimely filing[3] on February 18, 2005. The defendant's appeals

---

[2]The Court notes that the defendant does attest to the truthfulness of the statements in his affidavit.

[3]As discussed above, the Court also ruled in the alternative that if the motion to recuse had been timely, the Court would have denied it because the defendant failed to show any bias or

4

[Docs. 214 and 236] of this ruling are pending before the District Court. Moreover, Judge Varlan has already been assigned to replace Judge Phillips in this case. As noted above, the defendant makes no specific allegations of bias against Judge Varlan, and the defendant's general arguments for bias are inapplicable. Accordingly, because a new district judge has already been assigned to the defendant's case and because the defendant's motion to disqualify all of the judges of the Eastern District of Tennessee has been dismissed, the defendant's motion to have Judge Merritt preside over his case is **DENIED as moot.**

Accordingly, it is ordered:

(1) The defendant's Motion for Hearing before Chief Judge on this District and/or Judge Thomas Phillips Pursuant to Title 28 U.S.C.A. Sections 455, 144 [**Doc. 212**] is **DENIED**, and

(2) The defendant's Motion to Appoint Senior Circuit Court of Appeals for the Sixth Circuit, Honorable Gilbert S. Merritt, as Replacement of the Honorable Thomas Phillips and Judges for the U.S. District from the Eastern District of Tennessee at Knoxville [**Doc. 229**] is **DENIED as moot.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

prejudice by the judges of the Eastern District of Tennessee that would justify a recusal. [See Doc. 198]