IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (VARLAN/SHIRLEY) |
| MAURICE EDWARD HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause is before the undersigned on the government's Motion [Doc. 277] to take the video deposition of Rashika Joshi, filed on June 14, 2005. The government contends that Mrs. Joshi is an important witness but will be out of the country on the August 3, 2005 trial date. The government states that Mrs. Joshi has always been available for prior trial settings. The defendant did not file a response to this motion by the Court-ordered [Doc. 279] deadline of June 21, 2005.

Rule 15(a)(1), Fed. R. Crim. P., governs the taking of depositions in criminal cases and provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is

1

not privileged, including any book, paper, document, record, recording, or data.

Having considered the government's arguments, the Court **GRANTS** the motion to allow the testimony of witness Rashika Joshi to be taken by deposition based on the exceptional circumstances of her being out of the country at the time of trial. In this respect, the Court notes that the trial was continued [Doc. 240] on the defendant's motion on March 16, 2005, and again [Doc. 276] upon the defendant's motion on June 13, 2005. The Court finds that Mrs. Joshi's testimony is material in that she is one of the victims alleged in the indictment and that it is necessary to take this deposition in order to preserve her testimony.

The Court also grants the government's request that the deposition be taken at the United States Marshal's Office at 1:00 p.m. on June 28, 2005. Such deposition, however, is subject to certain conditions. According to Rule 15 of Federal Rules of Criminal Procedure, depositions are to be taken in the same manner as civil depositions. Fed. R. Crim. P. 15(e). In both civil and criminal cases, the party seeking the deposition provides the notice of the deposition date and the location. Fed. R. Crim. P. 15(b)(1). In this case, the government has attached a proposed notice to its motion. The Court does not find good cause to overrule, quash or change that notice.

The conditions under which the deposition will be taken are as follows:

1) The deposition shall be taken under oath, by both videotape and typed transcript, with the video camera being positioned so as to show the witness only;

2) The government is responsible for arranging with the Marshal's office for the defendant's transportation to the deposition;

3) The attorney for the government; Mr. Hughley, who is proceeding *pro se* with standby counsel; and the witness will be provided with a microphone;

4) The witness is not being offered as an expert witness, that the deposition will

be governed by the Federal Rules of Evidence, and that all objections will be directed to the Court, in the proper fashion, that is not as speaking objections but with the party objecting stating the grounds for the objection. However, the District Court, not this Court, will rule on those objections;

5) That the procedural ground rules are that no objections, even as to form, are reserved for trial. That is any and all objections at the depositions must be made at the deposition itself or they will be deemed waived;

6) That the United States District Judge, Thomas A. Varlan, will rule on all the objections and that the objecting parties will formally request rulings from Judge Varlan well in advance of trial. Further, any editing of the videotape based on Judge Varlan's rulings on the objections will be the responsibility of the government and that a copy of the videotape as edited will be provided to the defendant at least three days before trial;

7) That the government will bear the cost for the defendant's copy of the transcript and/or videotape;

8) That the government will issue a formal notice of this deposition and shall also see that a subpoena is issued for the witness's attendance;

9) The deposition may be used at trial to the extent provided by the Federal Rules of Evidence;

10) That the government will provide any statements of the witness, Rashika Joshi, to which the defendant is entitled under the Order on Discovery and Scheduling or otherwise, to the defendant no later than 10:00 a.m. on the morning of the deposition;

11) That if the witness is going to testify as to any material documents, records, data or other exhibits those items must be given to the defendant no later than 10:00 a.m. on the morning of the deposition;

12) That the government will conduct direct examination and if necessary re-direct examination and that the defendant will conduct cross-examination;

13) That the purpose of this deposition will be for the preservation of the witness Rashika Joshi's testimony only and not for the purpose of discovery; and

14) That this Court reserves the supervisory authority over the method and manner in which the deposition is conducted including the right to stop the deposition either temporarily or all together, should the Court feel that is necessary. Moreover, the defendant is warned that he may be removed from

the deposition if he engages in disruptive conduct.  See Fed. R. Crim. P. 15(c)(1)(B).

Accordingly, the government's Motion [**Doc. 277**] to take the video deposition of Rashika Joshi is **GRANTED**.  The deposition is scheduled for **June 28, 2005, at 1:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4