UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA    )
                                        )
v.                                 )     No.    3:03-CR-29
                                          )            (VARLAN/SHIRLEY)
MAURICE HUGHLEY, *Pro Se*    )

## MEMORANDUM OPINION

This criminal case came before the Court for consideration of defendant's objections to the presentence report. On August 8, 2005, a jury convicted defendant of each count of a six-count second superseding indictment charging defendant with fraud in connection with bank and credit cards and counterfeit checks. On October 28, 2005, the U.S. Probation Office disclosed its presentence report, which was revised on November 15, 2005.

On January 12, 2006, the Court conducted a sentencing hearing in which the government presented evidence regarding the number of victims and amount of loss. Following the presentation of evidence, the Court continued sentencing to allow the Court time to consider the evidence and allow defendant additional time to prepare. On February 16, 2006, the Court resumed the sentencing hearing and heard arguments before overruling defendant's objections for the reasons more fully set forth herein.

Defendant filed two sets of objections on November 14, 2005. Defendant filed two additional sets of objections on January 12, 2006. Defendant filed another set of objections on January 26, 2006. Defendant's standby counsel filed a final set of objections on January 26, 2006. Finally, defendant filed another set of objections on February 16, 2006. In

accordance with Local Rule 83.9, defendant's objections are not part of the record in this case, but to ensure clarity, they have been attached to this memorandum opinion as an appendix. The Court will address each set of objections in the order in which they were filed. For the reasons discussed herein, all of defendant's objections were overruled by the Court in a ruling from the bench during defendant's sentencing on February 16, 2006.

## I. November 14, 2005 Objections

First, the Court will address the two sets of objections filed on November 14, 2005. These objections consist of thirty-nine (39) specific objections and one general *Booker*-based objection.

Defendant's thirty-nine (39) specific objections are addressed as follows:

- In his first and third objections, defendant argues that the Court cannot rely on the guideline manual in use at the time of sentencing because it is different from the guideline manual in use at the time of the offense. Probation responds that there is no effective difference between the manual in use at the time of the offense and the manual in use at the time of sentencing, as it is applied to this defendant. This objection is overruled.

- In his second and ninth objections, defendant objects to a two-level enhancement based on obstruction of justice, because he argues his testimony was the result of memory loss arising from his medical condition, rather than willful attempt to obstruct justice. Probation responds by referring the Court to defendant's trial testimony, in which he denied knowledge regarding

2

counterfeit checks bearing his handwriting. This is a finding of fact to be made by the Court. Accordingly, defendant's objection is overruled to the extent that it challenges the Court's authority to determine whether this enhancement applies. The Court made findings of fact regarding the issue of obstruction at the time sentence was imposed.

- Defendant's fourth objection is to the base offense level of six, because he argues the guidelines manual at the time of offense would set the base offense level as four. Probation responds that the base offense level would be six regardless of which version of the guidelines manual is applied. This objection is overruled.

- In defendant's fifth objection, he objects to the calculation of the amount of loss, arguing it is between $10,000 and $30,000. Probation responds that the calculation of amount of loss was based upon trial testimony and testimony to be offered here at sentencing of defendant's actual and intended loss, which was between $30,000 and $70,000. This objection has been overruled, and the Court made findings of fact regarding the applicable amount of loss when sentence was imposed.

- Defendant's sixth objection is to an enhancement based upon the number of victims. Probation responds that Count One of the second superseding indictment lists the victims who sustained actual loss. This objection is

3

overruled.  The Court made findings of fact regarding the applicable number of victims at the time of sentencing.

- In his seventh objection, defendant argues that the enhancement based on § 2B1.1(b)(10)(C)(I) should not be applied as it was not part of the  guidelines in effect at the time of the offense.  Probation responds that the evidence established that defendant directed co-conspirator Harris  to use a means of identification to obtain a Tennessee identification card in the name of a victim and to open a private mail box in that victim's name.  The enhancement was in effect at the time of the offense, although it was numbered differently (§ 2B1.1(b)(9)(C)(I)).  The objection is overruled.

- In his eighth objection, defendant objects to an enhancement based on his role as an organizer or leader in an offense involving five or more participants. Probation responds that trial testimony established defendant was the organizer of a group including Ms. Fugate, Ms. Harris, Mr. Chandler, Mr. Gillis, and defendant.   The Court is satisfied that the trial evidence demonstrated defendant was an organizer and that the offense involved five or more participants.  This objection is overruled.

- In his tenth and eleventh objections, defendant argues the offense level should be sixteen, based on his previous objections to enhancements and offense level calculations.  This objection is overruled.

4

- Defendant's twelfth objection goes to the dates of the offense. Defendant argues the offense occurred in November 2001 and continued to February 2002. Probation responds that the government showed at trial that the offenses for which defendant was convicted occurred on the dates specified in the second superseding indictment. The objection is overruled.

- Defendant's thirteenth through twenty-ninth objections dispute his criminal history calculation, by arguing some convictions were made illegal and others overlap and are being double counted. Probation responds that there is no authority declaring any prior convictions illegal, and no convictions were double-counted. Some convictions addressed conduct that was also covered by other convictions, and those were only counted once. These objections are overruled.

- Objection thirty deals with the description of defendant's mother's health condition. Defendant argues that it has changed, but the presentence report does not reflect this. Probation responds that defendant has provided no specific information regarding any changes. The objection is overruled.

- In objection thirty-one, defendant argues that the presentence report fails to include health information regarding defendant's daughter. Probation responds that it is not authorized to get health information for children of defendants, and this defendant has not provided any information to Probation. The objection is overruled.

5

- In his thirty-second and thirty-third objections, defendant objects to certain medical information included in the report. Probation responds that defendant's medical condition is well-documented. The Court is satisfied that the presentence report contains sufficient medical information, and defendant has not demonstrated how that information might be insufficient. The objections are overruled.

- In his thirty-fourth objection, defendant argues that he has been denied substance abuse treatment "because of the war." Probation responds that the report accurately states that defendant is amenable to drug treatment. Defendant's objection is overruled.

- In objection thirty-five, defendant seems to dispute his ability to pay a fine. Probation responds that the report accurately states defendant has no ability to pay a fine. This objection is overruled.

- Objections thirty-six through forty-three state objections to the total offense level. Based on jail time credit and defendant's own calculation of his offense level, he argues that he is eligible for probation. Probation responds that defendant's calculations are inaccurate, based on the contents of the presentence report. This objection is overruled, but the Court considered defendant's calculations as his sentencing recommendation. He recommended a sentence of 21 to 27 months, followed by probation. The Court considered this recommendation at the time sentence was imposed.

6

Turning to defendant's general objection, he broadly argues that the Court cannot find any facts in support of sentencing enhancements that were not proven beyond a reasonable doubt at trial. This objection is general in nature, and the Court is interpreting it as an effort to preserve a *Booker*-type issue.

In response, Probation suggests that the Court may rely on any information to assist it in considering the guidelines, but that the Court is not required to follow the guidelines in imposing sentence. In its sentencing memorandum, the government argues that defendant has misinterpreted the *Booker* case. It argues that the Court can consider any reliable evidence when considering the guidelines, as long as the Court understands that those guidelines are not mandatory. Stating the point differently, the government points to a recent Sixth Circuit decision, *United States v. Stone*, 432 F.3d 651 (6th Cir. 2005), in which that court stated, "*Booker* does not eliminate judicial fact-finding." *Id*. at 654-55. Instead, the court says *Booker* "gave district courts the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range." *Id*.

In other words, the Sixth Circuit, in *Stone*, broadened the application of its earlier ruling in *United States v. Williams*, 411 F.3d 675. In *Williams*, the Sixth Circuit stated that *Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant pleaded guilty. *See Williams*, 411 F.3d at 678. The *Williams* court also stated that sentencing courts must consult the guidelines. *Id*. In *Stone*, the Sixth Circuit broadens this reasoning to defendants sentenced following a jury trial. *See Stone*, 432 F.3d at 654-55. The *Stone* court also clarifies *Williams* by stating, "District courts . . . must, therefore, calculate

7

the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." *Id*.

It is also significant to note that *Williams* involved a challenge to judicial fact-finding regarding amount of loss and obstruction of justice, two enhancements defendant has objected to in this case. In another case cited by the *Williams* court, the Sixth Circuit also ruled that the *Williams* reasoning applies to judicial fact-finding regarding restitution, another issue in this case. *See United States v. Sosebee*, 419 F.3d 451 (6th Cir. 2005). Accordingly, defendant's objection has been overruled to the extent that, based on the authority just discussed, the Court is not required to apply *Booker* to judicial fact-finding for the limited purpose of calculating defendant's advisory Guideline range.

## II. January 12, 2006 Objections

Second, the Court will address the two sets of objections filed on January 12, 2006. These objections consist of a general objection to the Probation's responses to previous objections, and twenty-six (26) "supplemental" objections to various paragraphs of the presentence report.

Defendant's general objection is a response to the Probation Office's response to defendant's November 14, 2005 objections regarding the calculation of defendant's criminal history. Defendant's objection to the calculation of his criminal history has already been addressed, and this general objection has been overruled.

Defendant's twenty-six (26) "supplemental" objections are addressed as follows:

8

- In his first objection, defendant denies the offense conduct for which he was convicted. This objection is without merit and is denied.

- In his second objection, defendant disputes the number of victims and amount of loss. This objection has already been addressed, and has been overruled. The Court addressed the applicable amount of loss and number of victims when sentence was imposed.

- In his third and ninth objections, defendant disputes the enhancement for obstruction of justice. This objection has already been addressed and has been overruled.

- In his fourth, fifth, sixth, and seventh, twelfth objections, defendant disputes the use of the 2004 guidelines. This objection has already been addressed and has been denied.

- In his eighth objection, defendant argues that the mitigating role adjustment should be applied instead of the organizer enhancement. This objection has already been addressed and has been overruled.

- In his tenth and eleventh objections, defendant argues that the proper offense level should be nine. This objection is without merit and is overruled.

- Defendant's thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth objections repeat his general objection to the calculation of his criminal history. As has been stated, this issue has been addressed, and defendant's objections have been overruled.

- Defendant's eighteenth and nineteenth objections contend the health information related to defendant's mother and daughter are inadequate. Defendant has failed to provide additional information to Probation. These objections are overruled.

- Defendant's twentieth, twenty-first, and twenty-second objections refer to the inclusion of certain health information regarding defendant's diagnoses. These objections have already been addressed and were overruled.

- In defendant's twenty-third and twenty-fourth objections, he presents an alternative guideline calculation, based on the objections previously set forth. Because this objection is based on previous objections that have already been overruled, these objections are also overruled.

- In defendant's twenty-fifth objection, he argues that the Probation Officer must not order restitution because he cannot pay. To the extent this objection seeks to usurp the Court's authority to order restitution, it has been overruled. The amount of restitution ordered in this case was addressed by the Court when it imposed sentence.

- Defendant's twenty-sixth objection, which is denominated twenty-seven by defendant, argues for a downward departure based on defendant's medical condition. This is not a proper objection to the presentence report and is overruled. However, in imposing sentence, the Court considered all the relevant factors to impose a reasonable sentence.

10

## III.    January 26, 2006 Objections

Third, the Court will address the set of objections filed on January 26, 2006.  These objections consist of ten (10) objections to specific paragraphs and sections of the revised presentence report.  Defendant's objections are addressed as follows:

- Defendant's first objection is to the description of the offense conduct contained in the revised presentence report.  Defendant denies all wrongdoing.  This objection has already been addressed and has been overruled.

- Defendant's second objection is to the amount of loss testified to at trial and at sentencing.    Defendant contends that there are no pictures of him committing the criminal wrongdoing and any evidence from sentencing violates *Booker*.  The Court has already addressed these objections and they were overruled.

- In his third objection, defendant repeats his prior objection to the enhancement for obstruction of justice and claims that he will submit evidence.  As the Court discussed in response to defendant's previous objection on this issue, the application of this enhancement is for the Court to determine.    That determination was made at the time sentence was imposed.  Therefore, this objection is overruled.

- In his fourth objection, defendant refers to his November 12, 2005 objection to the use of the 2004 guidelines.  The Court has already addressed this objection, and it has been overruled.

11

- In his fifth objection, defendant again objects to the grouping of certain prior convictions in his criminal history. This objection has already been addressed and has been overruled.

- In his sixth objection, defendant again asserts that his proper guideline calculation is six. This objection has already been addressed and has been overruled.

- In his seventh objection, defendant again asserts that the six-point enhancement for amount of loss should not be applied. This objection has already been addressed and has been overruled.

- In his eighth objection, defendant again argues for a different guideline calculation. This objection has already been addressed and has been overruled.

- In his ninth objection, defendant again argues about the date of the offense conduct. This objection is without merit and was previously overruled.

- Finally, in his tenth objection, defendant disputes the information contained in the criminal history section of the presentence report is either inaccurate or inadequate. This objection has already been addressed and has been overruled.

## IV.     January 26, 2006 Standby Counsel Objections

The Court turns to the set of objections filed on January 26, 2006, by defendant's standby counsel. These objections consist of one general objection to the reliance upon

testimony during the Court's January 12, 2006 sentencing hearing, and three (3) objections to specific paragraphs of the presentence report.

First, standby counsel objects to the testimony related to amount of loss and number of victims that the Court heard on January 12, 2006. The Court interprets this as another attempt to preserve a *Booker* issue. As the Court has stated in response to defendant's previous *Booker* objection, for reasons already discussed, the Court is not required to apply *Booker* to judicial fact-finding for the limited purpose of calculating defendant's advisory Guideline range. Accordingly, this objection is overruled.

Second, standby counsel objects to the obstruction of justice enhancement included in the presentence report. This objection has already been addressed and has been overruled.

Third, standby counsel states that defendant objects to the "use or calculation of an increase in sentencing that is based on expired credit cards or other financial cards at the time of the offense." Defendant does not specify what, if any, of the credit cards was expired at the time of the offense, and there is no evidence that any of the credit cards were expired. Thus, defendant's objection is without merit and is overruled.

Finally, standby counsel repeats an objection to the four-point enhancement for defendant's role in the offense, by arguing that it is not supported by sufficient evidence. The Court has already addressed this objection, and it has been overruled.

## V.     February 16, 2006 Objections

Finally, the Court turns to defendant's February 16, 2006 objections. This set of objections includes a new formulation of defendant's previous *Booker*-based objection, and

13

seven other objections to the Probation Office's responses to previous objections. These objections are addressed as follows:

- In his first objection, defendant reiterates his *Booker*-based objection, contending that Booker prevents the Court from considering the Guidelines and any testimony from the January 12, 2006 sentencing hearing. This objection has already been addressed, and it has been denied based on the authority discussed earlier. The Court is not required to apply *Booker* to judicial fact-finding for the limited purpose of calculating defendant's advisory Guideline range.

- Defendant's second objection is similar to his first objection. He argues that the Court is prohibited from applying an enhancement for defendant's perjured trial testimony, because *Booker* prohibits judicial fact-finding. For previously stated reasons, this objection has been overruled.

- Third, defendant objects to the application of federal law in this case. He argues that 18 U.S.C. § 1029 was intended only to apply to international crimes, not to offenses committed within "the Republics of the Union." This objection is without merit, and is denied.

- Fourth, defendant objects to application of an enhancement for his role in the offense. He argues that it is prohibited by *Booker* and is unsupported by actual trial evidence. The Court has found that there was sufficient trial testimony to support application of the role in offense enhancement, and there were five

14

people, including defendant, involved in the offense. For reasons already repeated, *Booker* does not prevent application of the role in offense enhancement for the purpose of calculating the advisory guideline range. Thus, this objection is overruled.

• In his fifth objection, defendant repeats his objection to the use of the guideline manual. This objection has already been addressed and has been overruled.

• In his sixth objection, defendant repeats his objection to the grouping of certain offenses for the purpose of calculating his criminal history. This objection has already been addressed and has been overruled.

• In his seventh objection, defendant asserts that the date of the offense should be the time when the victims noticed their property was missing rather than the time when fraudulent transactions occurred. This objection is without merit and is overruled.

• In his eighth, and final, objection, defendant again objects to the discussion of his medical condition. For reasons previously discussed, defendant's objection has been denied.

## VI.    Conclusion

To summarize, defendant has filed five sets of objections to the presentence report in this case that total approximately ninety-three specific or general objections. Many of these objections are repetitive, but each has been considered by the Court, and for the reasons set

forth herein, all were overruled by the Court during the February 16, 2006 sentencing hearing.

ORDERED ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

# APPENDIX

## November 14, 2005 Objections

# APPENDIX

## January 12, 2006 Objections

**APPENDIX**

**January 26, 2006 Objections**

**APPENDIX**

**January 26, 2006 Standby Counsel Objections**

**APPENDIX**

**February 16, 2006 Objections**