UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA            )
                                    )
                                    )
v.                                  )        NO.    3:03-CR-29
                                    )               (VARLAN/SHIRLEY)
                                    )
MAURICE HUGHLEY, *Pro Se*           )

## MEMORANDUM OPINION

This criminal case is before the Court for consideration of five motions filed by defendant. First, defendant has filed a Motion to Dismiss[] for Violation of My Miranda Rights [Doc. 334]. In this motion, defendant seeks dismissal of the charges for which he has already been convicted, because he never signed a Miranda during questioning by the postal inspector. Second, defendant has filed a Motion to Dismiss[] [Doc. 335]. In this motion, defendant seeks dismissal of the charges for which he has been convicted, because he contends the arrest warrant was defective.

Third, defendant has filed a Motion for Findings for a Particular Sentence [Doc. 336]. In this motion, defendant asks the Court "to put on the record what reliance as far as an increase or decrease in sentence the Court is making on merely the sentencing guidelines points." [Doc. 336 at 1]. Fourth, defendant has filed a Motion to Take Judicial Notice of *Tanner v. United States*, 483 U.S. 107 (1987) and Dismiss with Prejudice [Doc. 339]. In this motion, defendant asks the Court to dismiss this case because it lacks subject matter jurisdiction. Finally, defendant has filed a Motion for Three-Judge Panel to Declare the

Constitutionality of an Act of Congress [Doc. 340].  In this motion, defendant asks the Court to appoint a three-judge panel to declare the U.S. sentencing commission unconstitutional.

The Court will address each motion in turn, and for the reasons discussed herein, each motion was denied in a ruling from the bench on February 16, 2006.

## I.    Motion to Dismiss [Doc. 334] based on *Miranda* Waiver

Defendant argues that the charges for which he has been convicted should be dismissed pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, because although he received a *Miranda* warning, the postal inspector failed to obtain a written *Miranda* waiver.  Defendant did not raise this issue at any time prior to trial.  *See* Fed. R. Crim. P. 12(b)(3).  Likewise, defendant did not raise a *Miranda* issue at trial, except for his questions to the postal inspector that forms the factual basis for the instant motion. [*See* Doc. 334 at 2].

*Miranda* warnings are required when a subject is interrogated either in custody or its functional equivalent.  *Miranda v. Arizona*, 384 U.S. 436 (1966).  While it is essential that a defendant understand his rights, a written waiver is not required to establish that there was a knowing, intelligent, and voluntary waiver of *Miranda* rights.  *See United States v. Miggins*, 302 F.3d 384, 397 (6th Cir. 2002).  Defendant does not point to any evidence that he was interrogated while in custody, and postal inspector Romano specifically denies questioning defendant after taking him into custody. [*See* Docs. 315 at 137, 334 at 2].  *See Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980); *United States v. Montano*, 613 F.2d 147, 149 (6th Cir. 1980).

2

Assuming, *arguendo*, that a *Miranda* violation has occurred, the Court must inquire whether that violation lead to the erroneous introduction of evidence at trial as well as whether that error warrants reversal or is "harmless beyond a reasonable doubt." *Arizona v. Fulminante*, 499 U.S. 279 (1991). The Court must determine whether, absent the improperly admitted statement, it is clear beyond a reasonable doubt that the jury would have returned a guilty verdict. *See United States v. Throneburg*, 921 F.2d 654, 658 (6th Cir. 1990). In the present case, however, defendant does not point to any evidence that was erroneously admitted based on an alleged *Miranda* violation. Because there is no evidence of interrogation or of the erroneous admission of evidence in violation of *Miranda*, defendant's motion is without merit.

## II. Motion to Dismiss [Doc. 335] based on Arrest Warrant

Defendant argues that the charges for which he has been convicted should be dismissed pursuant to Fed. R. Crim. P. 4(c)(1) and 5(a), because the arrest warrant was defective. Defendant claims that the government prosecutor "fraudulently signed" the arrest warrant. Defendant did not raise this issue at any time prior to trial or during trial.

The arrest warrant [Doc. 335, exh. A] was issued by the deputy clerk of court pursuant to Fed. R. Crim. P. 9. There is nothing improper about the arrest warrant. The line of text about which defendant complains was filled in by the issuing deputy clerk, and reads, "Bail fixed at $ to be set at init. app. by Ed Schmutzer Name of Judicial Officer." This is a reference by the deputy clerk to the government prosecutor assigned to the case, and it is not his signature. Defendant's motion is without merit.

3

## III.    Motion for Findings for a Particular Sentence [Doc. 336]

In this motion, defendant generally requests that the Court explain how it will arrive at defendant's sentence.  More specifically, defendant asks the Court to explain the extent to which it will rely on the advisory guideline range in imposing sentence.  Defendant includes two specific interrogatories for which it seeks the Court's responses:

> 1.  With all other sentencing factors being equal, would the Court give the defendant a higher range of time to serve if the advisory sentencing points were higher verses [sic] lower.
> 2.   With everything else being equal, would the Court have given the defendant a lower sentence if the guideline points were lower versus higher.

[Doc. 366 at 1].  The Court declines to respond to defendant's interrogatories.

With respect to the imposition of sentence, the Court will consider the advisory guidelines as well as other sentencing factors to arrive at a reasonable sentence.  The U.S. Supreme Court has explained, "The [Sentencing] Guidelines [are] effectively advisory.  It requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C. § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns as well, *see* § 3553(a)." *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 757 (2005).  Furthermore, the Sixth Circuit has explained, "District courts . . . must, therefore, calculate the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005).  Accordingly, in imposing sentence in this case, as it does in all cases, the Court has followed these mandates.

4

**IV.    Motion to Take Judicial Notice of *Tanner v. United States*, 483 U.S. 107 (1987) and Dismiss with Prejudice [Doc. 339]**

In this motion, defendant argues that the U.S. government is a private corporation and that the U.S. Supreme Court has ruled, in *Tanner v. United States*, 483 U.S. 107 (1983), that the term "United States or any agency thereof" does not include a private organization. Based on this reasoning, defendant argues that the Court lacks subject matter jurisdiction in this case.  Defendant is mistaken.

*Tanner* concerned, *inter alia*, the scope of 18 U.S.C. § 371 and whether it applied to an entity that received financial assistance and some supervision from the United States.  *See Tanner*, 483 U.S. at 129-30.  The government contended that § 371 applied to such an entity, because defrauding such an entity would be tantamount to a fraud on the United States, but the Court rejected the government's position.  *Id*. at 130-32.

*Tanner* has no bearing on the instant action.  Defendant has not been convicted of violating 18 U.S.C. § 371.  Instead defendant has been convicted of violating 18 U.S.C. §§ 1029 and 513. [*See* Docs. 139, 306].  Furthermore, the government has not asserted that defendant's offenses constituted violations of 18 U.S.C. § 371.  Thus, defendant's motion is without merit.

**V.    Motion for Three-Judge Panel to Declare the Constitutionality of an Act of Congress [Doc. 340]**

Turning to defendant's final motion, he seeks an order convening a three judge panel to consider the constitutionality of the sentencing commission.  Defendant argues that the sentencing commission violate the Ex Post Facto Clause, the Supremacy Clause, the Fifth

Amendment, and the Sixth Amendment of the U.S. Constitution. Defendant cites 28 U.S.C. §§ 451 and 2403 in support of his argument.

28 U.S.C. § 451 defines certain terms applicable to chapter 21 of title 28 of the U.S. Code. It is unclear how this provision supports defendant's argument for convening a three-judge panel to consider the constitutionality of the sentencing commission.

28 U.S.C. § 2403 requires the court to permit the United States to intervene in "any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party" when the constitutionality of an Act of Congress is "drawn in question." *See* § 2403(a). As is evident, however, the government is already a party to the instant action. Therefore, 28 U.S.C. § 2403 is not applicable to this case.

On the other hand, 28 U.S.C. § 2284 requires a three-judge court "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts." *See* § 2284(a). *See also* 17 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 4234, 4235 (2d ed. Supp. 2005). Neither of the criteria described in § 2284 is met in this case. The criminal statutes forming the basis for defendant's conviction do not require a three-judge court, and this case is utterly unrelated to Congressional reapportionment. Accordingly, defendant's motion is without merit.

6

## VI.    Conclusion

During defendant's sentencing hearing on February 16, 2006, the Court ruled from the bench on each of defendant's motions. For the reasons discussed herein, the Court denied defendant's motions to dismiss [Docs. 334, 335]. Additionally, the Court denied defendant's motion for findings related to sentencing [Doc. 336]. Finally, the Court denied defendants motion to dismiss with prejudice [Doc. 339] and defendant's motion to convene a three-judge panel [Doc 340].

ORDERED ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE