UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAURICE HUGHLEY )<br>)<br>    Defendant. ) | No.: 3:03-CR-29<br>(VARLAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This case is before the court by order [Doc. 385] of the District Court pursuant to 28 U.S.C. § 636(b)(1)(A). The Defendant has filed a pro se motion [Doc. 381] in which he requests an order that would "cancel all contracts" between the Defendant and the United States.

The Defendant's order is a jumbling of commercial law terms that requests the Court cancel contracts that do not exist. In his motion, the Defendant cites his previous and current docket numbers (3:02-CR-58 and 3:03-CR-29) as "accounts" and requests that these accounts be cancelled. The Defendant states that the Federal Medical Center ("FMC") is a collection agency who participated in a public offering of stock in this case. The Defendant refers to the United States as a corporation and purports to be a holder in due course of preferred stock in such corporation. The Defendant has also filed a nonsensical UCC-3 with the Tennessee Secretary of State to evidence his role as a secured creditor of the United States.

When a prisoner seeks redress from a governmental entity, officer, or employee, the Court must analyze the complaint pursuant to the Prison Litigation Reform Act. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The Prison Litigation Reform Act requires courts

screen and dismiss prisoner complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. "[C]ourts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." In re Prison Litigation Reform Act, 105 F.3d at 1134. The Defendant's complaint seeks civil redress against the United States, and the Defendant is considered a prisoner because he has been convicted of criminal violations and as a result is detained in a facility, the FMC. See 28 U.S.C. § 1915A(c). Therefore, the Prison Litigation Reform Act applies to this motion.[1]

Because no contracts exist between the Defendant and the United States, it is impossible for the Court to grant the relief the Defendant has requested. The Defendant has failed to state a claim upon which relief may be granted, and thus, the Prison Litigation Reform Act requires that the Court screen the motion. 28 U.S.C. § 1915A(a)-(b).

Accordingly, Defendant's motion **[Doc. 381]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Defendant's motion has been docketed as a motion in his prior criminal matter, this classification by the Clerk of Court does not affect the Court's analysis.