UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | (VARLAN/SHIRLEY) |
| MAURICE HUGHLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and the Order [Doc. 402] of the District Court for disposition of the Defendant's *pro se* motion for reconsideration [Doc. 395], filed on September 14, 2009, and *pro se* motion for miscellaneous relief [Doc. 396][1], filed on November 2, 2009. The Court discerns that, through his motion for reconsideration, the Defendant seeks reconsideration of the Order [Doc. 388] entered on November 3, 2008, denying his *pro se* motion entitled "Second Notice to Cancel All Contracts" [Doc. 381]. Through his motion for miscellaneous relief, the Defendant seeks an order from the Court vacating the judgment entered on his conviction, discharging him from prison, and reimbursing him for "bonds" that he purportedly delivered to the Court as "payment of the judgment" in this case. [Doc. 396 at 2-3]. The Defendant has filed several additional documents [Docs. 397-401], styled both as letters and "notices," that relate to or purport to support his motion for miscellaneous relief. These additional documents

---

[1] This document was nonsensically styled by the Defendant as "Notice of release from escrow/Order to Custodian to release property." The Court discerns the document to be a post-judgment motion for miscellaneous relief.

1

contain a sprinkling of commercial law and secured transaction terminology as well as some references to bonds associated with government contracting and to federal monetary policy tools and prescriptions.[2] Both of the Defendant's motions and all of the additionally filed documents are nonsensical and any arguments presented therein are indecipherable or frivolous.

### A. Request for reconsideration

The Court discerns that the Defendant's Motion for Reconsideration [Doc. 395] asks the Court to reconsider its Order [Doc. 388], entered on November 3, 2008, denying his *pro se* motion entitled "Second Notice to Cancel All Contracts" [Doc. 381]. The Defendant has presented no grounds justifying reconsideration and Court finds that the motion is not well-taken. As stated in the Court's original Order [Doc. 388], "no contracts exist between the Defendant and the United States" and thus "it is impossible for the Court to grant the relief the Defendant has requested." Accordingly, the Defendant's motion for reconsideration **[Doc. 395]** should be **DENIED**.

### B. Request for vacation of judgment of conviction and discharge from prison

The Court finds that the Defendant has provided absolutely no viable argument in support of his request that the Court vacate the judgment of conviction in this case and release him from

---

[2] See, e.g., [Doc. 398 at 1] (the Defendant refers to himself as a "Warranted Contracting Officer" and states that he served the Court with "General Services Administration Standard Forms" dealing with contract bids and performance bonds); [Doc. 398 at 1] (the Defendant refers to a purported offer by the Court to "expand the money supply"); [Doc. 401 at 2] (in a document that appears to be a letter addressed to former Secretary of the Treasury John Snow, the Defendant mentions the "Federal Window"–presumably in reference to the United States Federal Reserve System's "Discount Window" from which banks can borrow in response to short term liquidity shortages); [Doc. 400 at 1] (the Defendant improperly employs the term "cestui que trust"); [Doc. 397 at 1-4] (the Defendant purports to offer a "Commercial Affidavit" and a demand for the release of personal property from escrow and refers to himself as a "secured party"); [Doc. 401 at 1] (the Defendant refers to his "UCC Contract Trust Account"–presumably in reference to a non-existent account governed by the Uniform Commercial Code).

2

prison. The Defendant has not articulated any facts or law that could properly form the basis for an appeal–or any other type of challenge–to his conviction. The Defendant's claim that he has satisfied the judgment of conviction entered in this case by way of a monetary payment is wholly frivolous. To the extent that it requests vacation of the judgment in this case and the Defendant's release from prison, the Defendant's motion for miscellaneous relief **[Doc. 396]** should be **DENIED**.

### C. Request for reimbursement or other monetary relief

When a prisoner seeks redress from a governmental entity, officer, or employee, the Court must analyze the complaint pursuant to the Prison Litigation Reform Act. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The Act requires courts to screen and dismiss prisoner complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. "Courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." In re Prison Litigation Reform Act, 105 F.3d at 1134. The Court discerns that the Defendant's motion for miscellaneous relief [Doc. 396] seeks, *inter alia*, civil redress from the United States. The Defendant is considered a prisoner within the meaning of the Prison Litigation Reform Act because he has been convicted of criminal violations and as a result is detained in a facility, the FMC. See 28 U.S.C. § 1951A(c). Accordingly, the Prison Litigation Reform Act applies to govern the Court's disposition of the Defendant's motion.

Because the Defendant did not in fact deposit any money with the Court and because no contracts exist between the Defendant and the Court or the United States government, it is

3

impossible for the Court to grant the monetary relief the Defendant has requested in his motion for miscellaneous relief [Doc. 396]. The Defendant has failed to state a claim upon which relief may be granted, and thus, the Prison Litigation Reform Act requires that the Court dismiss the motion. 28 U.S.C. § 1915A(a)-(b). To the extent that it requests any reimbursement or other monetary relief, the Defendant's motion for miscellaneous relief **[Doc. 396]** should be **DENIED**.

D.      **Conclusion**

For the reasons set forth herein, it is **RECOMMENDED**[3] that the Defendant's *pro se* motion for reconsideration **[Doc. 395]** be **DENIED** and that the Defendant's *pro se* motion for miscellaneous relief **[Doc. 396]** also be **DENIED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).