UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-29 |
| | ) | |
| MAURICE E. HUGHLEY, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and the Order [Doc. 421] of the District Court for disposition of the Defendant's *pro se* Motion for Writ of Habeas Corpus ad Subjiciendum [Doc. 419], filed on August 16, 2010. Although the Defendant's filing is often illegible or incomprehensible or both,[1] the Court has deciphered what it believes to be the summary of the Defendant's argument. In his motion, the Defendant argues that because the state of Tennessee did not transfer jurisdiction to the federal government, the federal government did not possess jurisdiction over any area within the State. [Doc. 419 at 4-5]. Thus, the Defendant contends that all federal indictments, guilty pleas, judgments, and appeals against him are void. [Doc. 419 at 11].

This District Court has repeatedly denied as frivolous Defendant's contention that the Court lacks jurisdiction over him on his case. [Docs. 178, 186, 289, and 407].[2] The Defendant's present

---

[1] The Court observes that it has previously characterized [Doc. 52, 186, 407] the Defendant's motions as disconnected and frivolous.

[2] As an example, the Court notes that the Defendant once argued [Doc. 39] a lack of jurisdiction based upon Defendant being a "vessel" subject only to admiralty jurisdiction.

1

contention that the United States lacked territorial jurisdiction to prosecute him for crimes committed in Tennessee is similarly frivolous and without merit. When a federal law is violated, the permission of the state where the offender committed his crime against the United States is not a prerequisite for the United States to exercise that jurisdiction. U.S. Const. Art. III, § 1, § 2, cl. 1; United States v. Cotton, 535 U.S. 625, 631 (2002) (citing Lamar v. United States, 240 U.S. 60, 64-65 (1916)); United States v. Ratigan, 351 F.3d 957, 963 (9th Cir. 2003) (citing De La Maza v. United States, 215 F. 2d 138, 140 (9th Cir. 1954)); see also Taylor v. United States, No. 1:09-CV-24, 2009 WL 1874071, *3 (E.D. Tenn. June 29, 2009) (R. Allan Edgar, J.) ("[F]ederal courts have exclusive jurisdiction over offenses against the laws of the United States.") (citing United States v. Blevins, 999 F.2d 540 (6th Cir. 1993), available at 1993 WL 473689, *1); United States v. Burchett, 12 F.3d 214 (6th Cir. 1993) (observing that the question of ownership of property on which the offense occurred is not to be considered when the crime is specifically prohibited by federal criminal statutes).

In the present case, the Defendant's prosecution was initiated by the United States Government [Doc. 139] after an investigation. Defendant was indicted by a grand jury for violating 18 U.S.C. §§ 513(a) and 1029(a)(3) in the Eastern District of Tennessee. [Doc. 178 at 2]. Moreover, the Defendant was arrested [see Doc. 4] and brought before the District Court [see Doc. 10 and 15]. Thus, the federal government clearly had jurisdiction over both the subject matter of the case and the Defendant's person to prosecute federal offenses committed in the state of Tennessee pursuant to 28 U.S.C. § 123.

To the extent that his motion could be read as a request for a writ of habeas corpus, it is

hereby **RECOMMENDED** that the Defendant's motion **[Doc. 419]** be **DENIED**.³ The clerk of this court is **DIRECTED** to mail a copy of this report to the Defendant at the address listed on his motion **[Doc. 419]**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

³Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).