UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:03-CR-29 |
| | ) | (VARLAN/SHIRLEY) |
| MAURICE E. HUGHLEY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal action is before the Court on the Report and Recommendation, entered on August 10, 2011, by United States Magistrate Judge C. Clifford Shirley, Jr. (the "R&R") [Doc. 429], on the *pro se* Motion for Writ of Habeas Corpus ad Subjiciendum [Doc. 419], filed by the defendant, Maurice E. Hughley. In the R&R, Magistrate Judge Shirley read the defendant's motion as a request for writ of habeas corpus ad subjiciendum and recommended that it be denied. The defendant filed an objection to the R&R [Doc. 431], a motion to issue a separate docket number [Doc. 432], and a motion to appeal and strike the R&R [Doc. 433]. The United States responded in opposition [Doc. 436] to the defendant's objection and the relief requested in his other motions.

**I.  Standard of Review**

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered the R&R [Doc.

429] and the defendant's pleadings pertaining to his objection [Docs. 431, 432, 433, 434], all in light of the relevant law. For the reasons set forth herein, the Court will overrule the defendant's objection and his motion to appeal and strike the R&R, accept in whole the R&R, deny the defendant's motion for writ of habeas corpus ad subjiciendum, and deny as moot the defendant's motion to issue separate docket number.

**II.     Analysis**

The defendant argues in his motion for writ of habeas corpus ad subjiciendum that because the State of Tennessee did not transfer jurisdiction to the federal government, all federal indictments, guilty pleas, judgments, and appeals against him are void. In the R&R, Judge Shirley noted that this Court has repeatedly denied, as frivolous, the defendant's argument that the Court lacks jurisdiction over him. The magistrate judge found the defendant's argument in the instant motion, that the United States lacks territorial jurisdiction to prosecute him for crimes committed in the State of Tennessee, to be equally frivolous and without merit because when a federal law is violated, the permission of the state where the violation occurs is not a prerequisite for the United States to exercise jurisdiction [Doc. 429, p. 2]. *See* U.S. Const. Art. III, § 1, § 2, cl. 1; *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citing *Lamar v. United States*, 240 U.S. 60, 64-65 (1916)).

Judge Shirley also related the background of this case, including the defendant's indictment by a grand jury for a violation of 18 U.S.C. § 513(a) and § 1029(a)(3), and his subsequent arrest and prosecution in this Court, concluding that the federal government clearly had jurisdiction over both the subject matter of this case and the defendant's person.

2

In both his objection and his motion to appeal and strike the R&R, the defendant argues that he did not waive or give his consent for this matter to be heard before the magistrate judge rather than the undersigned, and requests that it be transferred back to the undersigned.

Upon review, the Court will overrule the defendant's objection and the relief requested in the motion to appeal and strike the R&R. The defendant's motion for writ of habeas corpus ad subjiciendum, a post-trial motion for relief by a person convicted of a criminal offense, was referred to the magistrate judge for his report and recommendation on the appropriate disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. 421]. Because neither the undersigned nor the magistrate judge are required to obtain the defendant's consent before referring or acting on his motion, *see* 28 U.S.C. § 636(b)(1)(B), the defendant's objection and motion to appeal and strike the R&R are without merit and will be overruled.[1]

In the motion to issue a separate docket number, the defendant requests that the Clerk of Court issue a separate docket number for his motion for writ of habeas corpus ad subjiciendum. However, in light of the foregoing and the Court's agreement with Judge Shirley that the defendant's motion for writ of habeas corpus ad subjiciendum should be

---

[1] To the extent the defendant's motion to appeal and strike the R&R constitutes an objection to the R&R, that objection is similar to that stated in the defendant's objection and it will be overruled.

denied, the Court will deny as moot the relief requested in the motion to issue a separate docket number.

## III. Conclusion

For the reasons given herein, the defendant's objection to the R&R [Doc. 431] is **OVERRULED**, the R&R [Doc. 429] is **ACCEPTED IN WHOLE**, and the defendant's motion for writ of habeas corpus ad subjiciendum [Doc. 419] is **DENIED**. The defendant's motion to issue separate docket number [Doc. 432] is **DENIED as moot** and the defendant's motion to appeal and strike the R&R [Doc. 433] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE