UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:03-CR-29 |
| MAURICE E. HUGHLEY, | ) ) | (VARLAN/SHIRLEY) |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and the Order [Doc. 442] of the District Court for disposition or recommendation on the Defendant's *pro se* Motion to Appeal to Sixth Circuit Court[] of Appeals and Proceed In Forma Pauperis on Appeal [Doc. 441], filed on January 5, 2012. This filing has been docketed as both a motion [Doc. 441] and a notice of appeal [Doc. 440]. For the reasons given below, the Court **RECOMMENDS** that the motion be denied.

**I. Background**

After a four-day trial, Defendant Maurice Hughley was found guilty [Doc. 306] of six counts of possession of a counterfeited security. The Judgment [Doc. 344] was entered on February 29, 2006. On August 6, 2010, the Defendant filed a *pro se* motion for "Writ of Habeas Corpus Subjiciendum," alleging that his indictment and judgment are void because the Court lacks jurisdiction over him. The undersigned entered a Report and Recommendation [Doc. 429], concluding that the Defendant's motion should be denied. United States District Judge Thomas A.

1

Varlan accepted [Doc. 439] this Report in whole and denied the Defendant's motion for writ of habeas corpus ad subjiciendum. It is this Order that the Defendant now seeks to appeal.

## II. Analysis

The Defendant moves the Court to be permitted to appeal to the Sixth Circuit Court of Appeals and to proceed on appeal without payment of fees or costs. The Court will briefly consider each of these requests.

In order to appeal a denial of an application for a writ of habeas corpus, a petitioner must receive a certificate of appealability from the district court. Rule 11(a), Federal Rules Governing Habeas Corpus Proceedings in the District Courts; see also Fed. R. App. P. 22(b)(1). In the instant case, both this Court [Doc. 429] and the District Court [Doc. 439] have deemed the Defendant's jurisdictional claims to be frivolous:

> This District Court has repeatedly denied as frivolous Defendant's contention that the Court lacks jurisdiction over him on his case. [Docs. 178, 186, 289, and 407]. The Defendant's present contention that the United States lacked territorial jurisdiction to prosecute him for crimes committed in Tennessee is similarly frivolous and without merit. When a federal law is violated, the permission of the state where the offender committed his crime against the United States is not a prerequisite for the United States to exercise that jurisdiction. U.S. Const. Art. III, § 1, § 2, cl. 1; United States v. Cotton, 535 U.S. 625, 631 (2002) (citing Lamar v. United States, 240 U.S. 60, 64-65 (1916)); United States v. Ratigan, 351 F.3d 957, 963 (9th Cir. 2003) (citing De La Maza v. United States, 215 F. 2d 138, 140 (9th Cir. 1954)); see also Taylor v. United States, No. 1:09-CV-24, 2009 WL 1874071, *3 (E.D. Tenn. June 29, 2009) (R. Allan Edgar, J.) ("[F]ederal courts have exclusive jurisdiction over offenses against the laws of the United States.") (citing United States v. Blevins, 999 F.2d 540 (6th Cir. 1993), available at 1993 WL 473689, *1); United States v. Burchett, 12 F.3d 214 (6th Cir. 1993) (observing that the question of ownership of property on which the offense occurred is

2

> not to be considered when the crime is specifically prohibited by
> federal criminal statutes).

Report and Recommendation [Doc. 429], pp. 1-2 (fnt omitted). Accordingly, the Court recommends that the District Court deny a certificate of appealability in this case.

With regard to the Defendant's request to proceed in forma pauperis, the Federal Rules of Appellate Procedure provide that

> [a] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:

(A) the District Court finds and certifies in writing that the appeal is not made in good faith or the party is no longer entitled to proceed in forma pauperis or (B) a statute directs that the party may not proceed in forma pauperis. Fed. R. App. P. 24(a)(3). In the present case, on March 12, 2003, United States Magistrate Judge William Prince found [Docs. 5 & 8] the Defendant to be indigent and appointed counsel for him at the inception of his case. The District Court ruled [Doc. 356] that the Defendant could proceed informa pauperis on his direct appeal. The Defendant has been continuously incarcerated since the beginning of this case, and the undersigned has no reason to change its finding that the Defendant is indigent. Accordingly, the Court recommends that if the Defendant is allowed bring an appeal, that he be permitted to proceed without payment of fees or costs.

3

### III. Conclusion

It is hereby **RECOMMENDED** that the Defendant's motion **[Doc. 441]** to appeal the District Court's denial of his motion for writ of habeas corpus ad subjiciendum be **DENIED**.[1] Alternatively, if the District Court issues a certificate of appealability in this case, the Court recommends that the Defendant be permitted to proceed in forma pauperis on appeal. The clerk of this court is **DIRECTED** to mail a copy of this report to the Defendant at the address listed on his motion **[Doc. 441]**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).